997 So.2d 14 (2008)
Maurice SMITH, Plaintiff-Appellant
v.
PILGRIM'S PRIDE CORPORATION, Defendant-Appellee.
No. 43,560-WCA.
Court of Appeal of Louisiana, Second Circuit.
September 17, 2008.
Rehearing Denied October 16, 2008.
Writ Denied November 24, 2008.
*15 Maurice Smith, In Proper Person.
Nelson, Zentner, Sartor & Snellings by George Snellings, IV, Monroe, for Appellee.
Before PEATROSS, MOORE and LOLLEY, JJ.
LOLLEY, J.
Maurice Smith appeals a judgment by the Office of Workers' Compensation, District 1E for the State of Louisiana (the "OWC"), in favor of Pilgrim's Pride Corporation ("Pilgrim's Pride"). For the following reasons, we affirm the judgment of the OWC.
Smith was employed at a Pilgrim's Pride chicken processing plant. He claims that at some point in the week proceeding December 12, 2006, he was "attacked" by a co-employee, Qualandro Bilberry, in the plant's break room in addition to being "verbally harassed" while employed at Pilgrim's Pride. As a result of the alleged attack, Smith claims to have suffered an injury to his chest, causing him chest pain. Said pain, Smith claims, rendered him unable to engage in gainful employment.
Smith filed a claim for Workers' Compensation benefits and a trial was conducted. Smith, appearing pro se, provided no witnesses to the attack or any other evidence in that regard, other than his own testimony. The only evidence of an injury is a medical report from Morehouse General Hospital emergency room, which reflected "episode of chest pain today at 11:30 after lifting heavy boxes." There was no mention of the alleged workplace attack. Further evidence at trial indicated that Smith falsified information regarding his medical history on his pre-employment questionnaire to Pilgrim's Pride. Therein he reported no history of mental illness, when, in fact, he had been hospitalized, treated and medicated for schizophrenia on multiple occasions prior to his employment with Pilgrim's Pride. Upon conclusion of the trial, the workers' compensation judge dismissed all of Smith's claims against Pilgrim's Pride as a result of Smith's false statements regarding his medical history. This appeal by Smith ensued.
As he did at trial, Smith appears before this court pro se. Although Smith fails to state any precise assignments of error, he basically argues that the OWC erred in dismissing his claims and not awarding him the following benefits: $52,961.65 "back pay" and $2,996 a month in supplemental earnings benefits ("SEBs"). However, we agree with the OWC's findings and determine that Smith's argument on appeal has no merit.
Louisiana R.S. 23:1208.1 states:

*16 Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee's forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer's ability to receive reimbursement from the second injury fund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker's compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type.
Here, the Pilgrim's Pride Medical History Form listed fifty-four medical conditions, with the directions to "check all that apply to you." Smith checked "No" to every condition. However, as the evidence at trial revealed, Smith had previously been hospitalized and treated for schizophrenia, although he originally testified that he had never been treated for a mental condition.[1]
First, we note that the medical history form used by Pilgrim's Pride sufficiently advised Smith that his failure to answer truthfully might result in his forfeiture of worker's compensation benefits under the statute. Further, we agree with the OWC's factual finding that Smith falsified his medical history with Pilgrim's Pride. The record before us, made voluminous by Smith's filings and letters to defense counsel (which were frequently erratic and abusive), clearly supports that finding. Moreover, especially considering the record before us, it is evident that Smith's prior mental condition had bearing on the claim for benefits he might make against his employer, including the specific claim made here. Therefore, we conclude that the OWC judge's determination that, pursuant to La. R.S. 23:1208.1, said falsification resulted in a forfeiture of Smith's benefits was not erroneous, and the OWC's judgment in favor of Pilgrim's Pride Corporation is affirmed. All costs of this appeal are assessed to Maurice Smith.
AFFIRMED.

APPLICATION FOR REHEARING
Before STEWART, PEATROSS, DREW, MOORE and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] Additionally, Smith denied having a "knee injury/sprain/strain," but the evidence at trial showed that he had suffered such an injury with a previous employer.